# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>                      Plaintiff(s),<br>  vs.<br>AIMEE H. ABRAHIM, et al.,<br><br>                      Defendant(s). | CASE NO. 14cv2902-LAB (DHB)<br><br>**ORDER OF DISMISSAL** |

      Plaintiff Chris Langer filed his complaint on December 9, 2014, bringing claims under the Americans with Disabilities Act (ADA) and supplemental state-law claims. The Court is obligated to confirm its own jurisdiction, *sua sponte* if necessary, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir.2011) (en banc). The complaint must plead facts, not merely conclusions, to invoke the Court's jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Fed. R. Civ. P. 8(a)(1); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Here, it appears Langer has failed to allege facts showing he has standing to bring his ADA claim. Furthermore, because the only remedy available to Langer under the ADA is injunctive relief, *see Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), if injunctive relief is unavailable or would be ineffective, the ADA claim is moot. If the Court lacks jurisdiction over his federal claim, it cannot exercise jurisdiction over supplemental state claims.

The complaint adequately alleges that Langer is disabled and that he would like to patronize the restaurant whose parking lot he says is defective. The complaint does not, however, allege how the condition of the parking lot harmed him when he visited the restaurant, or how it is deterring him from returning. Instead, it relies on conclusions. Essentially, its theory is that because he is disabled he merely needs to identify an ADA violation on the premises that pertains to his disability. But this is not enough to show standing.

The complaint alleges that Langer uses a wheelchair, and drives a special van that deploys a ramp for the wheelchair out of the passenger side. It then alleges while "there is a parking space ostensibly for persons with disabilities," the lot has "no accessible parking spaces reserved for persons with disabilities." (Complaint, ¶ 10.) In other words, he agrees a parking space is reserved for persons with disabilities, but alleges it has no designated access aisle. The complaint also alleges there was a parking place reserved for disabled patrons that did have an access aisle, but the markings on the pavement have faded. (*Id.* at 11)

What is missing here is an allegation of how the condition of the parking lot prevents him from parking, navigating the parking lot, or accessing the business. For example, Langer hasn't alleged facts showing why faded paint prevented him from parking in the spot he described, or why it deters him from returning in the future. A parking lot may technically be ADA-noncompliant in ways that might pose difficulties for others, and yet be still fully usable by Langer. By way of example, if there is a space that serves the function of an access aisle in all respects, the fact that it was not specifically designated as such would make no real difference. If that were true, Langer would have no standing to sue for merely technical violations that do not affect him, or for which the Court can grant no meaningful relief. The complaint should allege facts showing this is not the case.

The insufficiency of the allegations makes it impossible to make the determination that it is likely and not merely speculative that Langer would benefit from injunctive relief; this is relevant both to the redressability prong of the standing analysis, *see Lujan v. Defenders*

*of Wildlife*, 504 U.S. 555, 561 (1992), and the question of whether the Court can grant meaningful injunctive relief. *See Center for Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007) (where the only relief sought would serve no meaningful purpose, claims were moot).

While the Court is not at this stage examining the sufficiency of the pleadings, there are not even any factual allegations to establish that Defendants' business is covered by the ADA, and that reserved handicap-accessible handicapped spaces are required. *See Yates v. Bacco*, 2014 WL 1089101, at *4 and n.5 (N.Dl. Cal., Mar. 17, 2014) (discussing different standards applicable to premises depending on when they were constructed).

Ordinarily the Court would direct a plaintiff to either amend or show cause why the complaint should not be dismissed without prejudice. But both Langer and his counsel have been confronted with similar pleading deficiencies several times before, and are familiar with the required standard. *See, e.g., Langer v. Shamoun*, 14cv1822-LAB (BLM), Docket no. 7 (Order to Show Cause re: Jurisdiction); and *Langer v. Wisham*, 14cv1857-LAB (KSC), Docket no. 5 (Order to Show Cause re: Jurisdiction).

This action is therefore **DISMISSED WITHOUT PREJUDICE** for failure to invoke the Court's jurisdiction. Within **21 calendar days from the date this order is issued**, Langer may file an amended complaint pleading facts that remedy the defects this order has identified. If he does not amend within the time permitted, this action will be dismissed without leave to amend, both for failure to invoke the Court's jurisdiction, and for failure to obey the Court's orders.

**IT IS SO ORDERED**.

DATED: December 11, 2014.

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge