# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br>AIMEE H. ABRAHIM, et al.,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 14cv2902-LAB (DHB)<br><br>**ORDER REQUIRING PLAINTIFF'S RESPONSE TO OPPOSITION** |

　　　　Plaintiff Chris Langer filed suit against two Defendants, Aimee H. Abrahim and Maria Magdalene Vazquez, bringing claims under the Americans with Disabilities Act (the ADA) and supplemental state law claims, based on conditions at the parking lot of La Sinaloense Restaurant. There is currently a motion for default judgment pending against these two Defendants.

　　　　Vazquez has submitted a letter, which the Court has accepted for filing and construes as her opposition. The letter says Vazquez rents only the restaurant, and the parking lot is owned by the owners of the strip mall where the restaurant is located. It says Vazquez has no authority over the parking lot or ability to change it to bring it into compliance with the ADA. Vazquez's letter also attaches photographs taken shortly before the complaint was filed, which she says shows parking conditions are ADA-compliant. The photographs are not very clear, but they do contradict the Complaint's allegation that the only ADA-compliant

parking space has been allowed to fade or has been paved over.  (Compl., ¶ 11.)  It is possible the parking lot was repainted some time after Langer's last visit but before the photographs were taken.

Injunctive relief is the sole remedy available to private plaintiffs under the ADA. *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1174 (9th Cir. 2010).  If, as Vazquez represents, the parking lot is now ADA-compliant, an injunction is unavailable against either Defendant.  Furthermore, if Vazquez has no control over the parking lot and no authority to require the strip mall owners to modify the parking lot, an order requiring her to modify it would afford no relief, and would be moot.  Because the complaint identifies both Abraham and Vazquez as owners of the restaurant, and neither of them as an owner of the strip mall, it is possible neither of them have authority to modify the parking lot.

Federal courts are required to examine jurisdictional issues, *sua sponte* if necessary. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011). If, as it appears may be the case here, injunctive relief is unavailable, the ADA claim against both Defendants is moot.  If that is the case, the Court cannot exercise supplemental jurisdiction over the state law claims.  *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001).

Additionally, Vazquez's letter draws into question the accuracy of two key allegations, namely that the restaurant provides parking spaces to its customers (Compl., ¶ 9) and that the parking spaces are currently ADA-compliant.  (*Id*., ¶ 10.)  Langer is therefore **ORDERED** to investigate and determine whether Vazquez's representations are accurate, before filing any more documents or making any more arguments to the Court.  *See* Fed. R. Civ. P. 11(b)(3).

No later than **February 24, 2016**, Langer must then file either a notice of dismissal, or a memorandum of points and authorities, not longer than ten pages (not counting any lodged or appended material) explaining why the Court has jurisdiction over this case, Vazquez's representations notwithstanding.    The memorandum must be supported by a

/ / /

declaration or affidavit under penalty of perjury explaining what steps Langer took to investigate Vazquez's representations.

As the party invoking the Court's jurisdiction, Langer bears the burden of establishing it. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Therefore, if Langer does not, within the time permitted and in the manner ordered, show why the Court can exercise jurisdiction over this case, it will be dismissed without prejudice but without leave to amend, for lack of jurisdiction.

This order does not suspend briefing on the motion for default judgment; the parties should continue to brief it as provided for under the Civil Local Rules and as ordered by the Court. (Docket no. 17.)

**IT IS SO ORDERED**.

DATED: February 3, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge