# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>AIMEE H. ABRAHIM, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 14cv2902-LAB (DHB)<br><br>**ORDER OF DISMISSAL** |

This is an Americans with Disabilities Act case with supplemental state claims, based on conditions in a restaurant parking lot.

On December 1, 2015, after eight months of inactivity in the docket, the Court ordered Plaintiff Chris Langer to show cause why this action should not be dismissed for failure to prosecute. Langer filed a response blaming the delay on Defendants' having backed out of the settlement agreement, and representing that he intended to continue litigating. The Court then directed him to move for default judgment, which he did. One Defendant filed a response, arguing that she was not the owner of the parking lot and had no control over it, and also representing that conditions in the parking lot were materially different than the complaint said they were. The Court ordered Langer to respond to this. (Docket no. 21.) In particular, the Court ordered Langer to investigate and determine whether the parking spaces were currently ADA-compliant, and to support his response with an affidavit

explaining what he did to investigate conditions at the parking lot. (*Id.*, 2:18–23, 2:27–3:2.) Knowing the parking lot's current condition was crucial, the Court pointed out, because if Langer's request for injunctive relief was moot, jurisdiction was lacking. (*Id.*, 2:12–17.) The Court also pointed out that Langer bore the burden of establishing jurisdiction, and cautioned him that if he failed to do so, the case would be dismissed. (*Id.*, 3:3–7.)

Langer filed a response admitting the parking lot had undergone changes and that conditions were not as represented in his complaint, but arguing that he had new claims based on the new conditions. The only details he provided pertained to the access aisle. In the past, he had alleged there was no access aisle at all (Am. Compl., ¶ 11), and he requested injunctive relief to remedy this situation. (*Id.*, Prayer for Relief, ¶ 1.) In his response, he admitted there is an access aisle, but he believes the slope is too great. (Response to Order to Show Cause, Docket no. 23, at 5:5–17.) Langer's response said nothing about any other conditions in the parking lot, except to give his own conclusion that the parking lot is not currently ADA compliant. (*Id.*, 5:24 ("But the parking is not currently compliant.")) His declaration mentioned only the access aisle; there was no mention of any other barriers alleged in the amended complaint. (Potter Decl. (Docket no. 23-1), ¶¶ 3–4.)

On February 26, the Court denied default judgment, noting that changed conditions in the parking lot had mooted the relief Langer sought.[1] The Court ordered Langer by March 8, 2016 to file an amended complaint, updating his claims.

Langer has not filed an amended complaint, nor sought additional time in which to do so. In view of Langer's admission that at least some of his claims are moot, and his failure to show that the remainder are not moot, the Court's working assumption must be that it lacks jurisdiction over the claims raised in the operative complaint. *See Kokkonen v.*

---

[1] This is not to say Langer does not need any injunctive relief, but merely that the injunctive relief he sought in his complaint is no longer appropriate. For example, his amended complaint alleged that although there is a parking space marked with a wheelchair logo, it has no access aisle. (Am. Compl., ¶ 11.) He requests injunctive relief to remedy this situation. (*Id.*, Prayer for Relief, ¶ 1.) Now, he admits there is an access aisle, but he believes the slope is too great. (Response to Order to Show Cause, Docket no. 23, at 5:5–17.) And he has not said that any of the other barriers alleged in the amended complaint are still present.

*Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  The amended complaint (Docket no. 6) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

In view of Langer's past failure to prosecute, and his unexplained disobedience to the Court's order to file an amended complaint, it appears he has abandoned his claims.  If Langer disagrees, he must file an *ex parte* motion for leave to file a second amended complaint, attaching the proposed amended complaint as an exhibit.  The proposed amended complaint must show why the Court has jurisdiction over this action, and must all in all other respects comply with the Court's order of February 26, 2016.  The motion must also show cause for Langer's failure to prosecute and his failure to obey the Court's orders.

The motion must not exceed five pages (not counting attached or lodged materials), and must be filed by **March 16, 2016**, without fail. If Langer fails to show cause within the time permitted, this action will be dismissed without prejudice, but without leave to amend, for failure to invoke the Court's jurisdiction, for failure to prosecute, and for disobedience to the Court's orders.  Langer should not assume any request for extension of time to file his response will be granted.

**IT IS SO ORDERED**.

DATED: March 9, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge